| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:07cr10 (SRU) |
| MARC BARRETT | |

## RULING ON PETITION FOR WRIT OF CORAM NOBIS

Marc Barrett petitions the court for a writ of *coram nobis* to vacate his sentence and be resentenced. (Doc. # 231.) The petition was docketed in his original criminal file; Barrett signed and dated it on January 7, 2011, and the petition was docketed on January 21, 2011.

Barrett argues that he is entitled to relief because of counsel's erroneous advice regarding his plea agreement. Specifically, Barrett maintains that his attorney erred by not recommending that Barrett challenge his career offender enhancement, *see* United States Sentencing Guidelines § 4B1.1, based on prior convictions for the sale of hallucinogens and/or narcotics under Conn. Gen. Stat. § 21a-277. *See United States v. Savage*, 542 F.3d 959 (2d Cir. 2008) (holding that *Alford* plea to offense of sale of hallucinogens and/or narcotics under Conn. Gen. Stat. § 21a-277 is insufficient, without further proof, to establish that defendant was convicted of a prior "controlled substance offense" as the term is defined by the Sentencing Guidelines).

"*Coram nobis* is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). Barrett was sentenced to 150 months' imprisonment, Judgment (doc. # 204), and remains in federal custody. He does not appear to have separately moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

"The All Writs Act," which authorizes the writ of *coram nobis*, "is a residual source of

authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quotation omitted). Because Barrett remains in federal custody, his petition to vacate his sentence is addressed by 28 U.S.C. § 2255. *See Ortiz v. New York*, 75 Fed. App'x 14, 17 (2d Cir. 2003) (unpublished summary order) (holding that petitioner may not pursue a writ of *coram nobis* while he remains in custody and may file a *habeas corpus* petition); *Mason v. United States*, No. 04cv2198 (JFK), 2009 WL 2575855, at *4 (S.D.N.Y. Aug. 20, 2009) (same). Barrett's petition must be denied.

The court, however, will treat the petition for *coram nobis* as a petition filed pursuant to 28 U.S.C. § 2255 if Barrett so wishes. Within 30 days of this order, Barrett must notify the court whether he intends his *coram nobis* petition to be treated as a section 2255 petition. Should Barrett elect that option, the court will open a new civil file and transfer Barrett's *coram nobis* petition to it. Moreover, the government will then have the opportunity to respond to the petition and Barrett may then further reply.

If Barrett does not wish to treat his *coram nobis* petition as a petition filed pursuant to 28 U.S.C. § 2255, of if he does not inform the court of his decision within 30 days, then the court will deny Barrett's petition for the reasons set forth above.

It is so ordered.

Dated at Bridgeport, Connecticut, this 27th day of May 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge